GENOVA BURNS LLC
Harris S. Freier, Esq. - 4463584
James Bucci, Esq. - 4855151
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
hfreier@genovaburns.com
Attorneys for Defendant, Rite Aid Corporation

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MINERVA SUAREZ,<br><br>       Plaintiff,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>       Defendant. | CIVIL ACTION NO.:<br><br>**NOTICE OF REMOVAL** |

TO:   Ruby J. Krajick, Clerk
       United States District Court
       Southern District of New York
       Daniel Patrick Moynihan U.S. Courthouse
       500 Pearl Street
       New York, New York 10007

       Hendrick Vandamme, Esq.
       Vandamme Law Firm, P.C.
       149 Madison Avenue, 11th Floor
       New York, New York 10016

**PLEASE TAKE NOTICE** that Defendant, Rite Aid Corporation, by its undersigned attorney, files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, to remove the action filed in the Supreme Court of the State of New York, County of New York, styled <u>Minerva Suarez v. Rite Aid Corporation</u>, Index No. 150891/2017, to the United States District Court for the

Southern District of New York, and states the following in support:

1. On or about January 26, 2017, Plaintiff, Minerva Suarez, brought an action entitled <u>Minerva Suarez v. Rite Aid Corporation</u>, bearing Index No. 150891/2017 (hereinafter, the "State Court Action"), by filing a Summons and Complaint in the Supreme Court of New York, County of New York. In accordance with 28 <u>U.S.C.</u> § 1446(a), a true and correct copy of the Summons and Complaint filed in the State Court Action is attached hereto as **Exhibit A.**

2. In her Complaint, Plaintiff asserts causes of action under the Fair Labor Standards Act ("FLSA")", 29 <u>U.S.C.</u> § 215(a)(3), and the New York State Labor Law, <u>N.Y. Labor Law</u> § 1 (McKinney), *et seq.* (Count One); the New York City Human Rights Law ("NYCHRL"), <u>N.Y. City Admin. Code</u> § 8-107, *et seq.* (Counts Two and Three); the New York State Human Rights Law, <u>McKinney's Executive Law</u>, § 290, *et seq.* (Count Four); and for intentional infliction of emotional distress (Count Five).

3. Pursuant to 28 <u>U.S.C.</u> § 1331 (federal question jurisdiction), this Court has original subject matter jurisdiction. A federal question exists with respect to Plaintiff's claim in Count One that Defendant violated the FLSA

under 28 U.S.C. § 1441(a).[1] See Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003) ("[D]istrict courts . . . have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as 'arising under the Constitution, laws, or treaties of the United States,' and 28 U.S.C.S. § 1337(a), as 'arising under any Act of Congress regulating commerce.'") (citations omitted).

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims asserted by Plaintiff, as they are so related to Count One of Plaintiff's Complaint, that they form part of the same case or controversy.

5. No further proceedings or actions have occurred in the State Court Action.

6. There are no other defendants who must consent to and join in the removal of this action to this Court.

7. Defendant has not been formally served with the Summons and Complaint, but received a copy of same on January 27, 2016.

---

[1] Diversity of citizenship provides a secondary basis for removal to this Court pursuant to 28 U.S.C. § 1332. Pursuant to Local Civil Rule 81.1, Plaintiff Minerva Suarez's last known address is 2567 Decatur Avenue, Bronx, New York 10458. Defendant Rite Aid Corporation is incorporated in Delaware, and its principal place of business is in Pennsylvania. On the face of Plaintiff's Complaint, the amount in controversy exceeds $75,000, exclusive of costs and interest. Parenthetically, because Rite Aid Corporation was not the employing entity of Plaintiff, it does not appear to be a proper defendant in this case. The employing entity was Rite Aid of New York, Inc., which is incorporated in New York and whose principal place of business is in Pennsylvania. Because this Court has original jurisdiction due to the federal claim raised, the naming of Rite Aid Corporation as a defendant is not dispositive to this removal.

8. This Notice of Removal is being filed within thirty (30) days of Defendant's receipt of Plaintiff's Complaint in accordance with 28 U.S.C. § 1446(b).

9. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b) as Plaintiff's Complaint alleges that the incidents occurred in the City of New York, State of New York.

10. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

11. Defendant, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, is also filing a copy of this Notice of Removal with the Supreme Court of New York, County of New York, at the New York County Clerk's Office, to effect removal of this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1446(d).

12. Upon filing this Notice of Removal, Defendant will give written notice thereof (together with the Notice of Removal and exhibits thereto) to Hendrick Vandamme, Esq., attorney for Plaintiff.

13. By removing this action from the Supreme Court of New York, County of New York, Defendant does not admit any of the

allegations in Plaintiff's Complaint and does not waive any defenses available to it.

**WHEREFORE**, Defendant, through its attorneys, requests that the State Court Action be removed from the Supreme Court of the State of New York, County of New York, to this Court.

Respectfully submitted,

**GENOVA BURNS LLC**
Attorneys for Defendant,
Rite Aid Corporation

By: _____
HARRIS S. FREIER
JAMES BUCCI

Dated: February 16, 2017

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

MINERVA SUAREZ,

                                Plaintiff,

-against-

RITE AID CORPORATION,

                                Defendant.

---------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates New York County as the place of trial

The basis of the venue is the County of occurrence

***YOU ARE HEREBY SUMMONED*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against by default for the relief demanded in this complaint.

Dated: New York, New York
       January 26, 2017

                                Yours, etc.,

                                VANDAMME LAW FIRM, P.C.
                                */s/ Hendrick Vandamme*
                                Hendrick Vandamme, Esq.
                                Hollis Vandamme, Esq.
                                Attorneys for Plaintiff
                                149 Madison Avenue, 11th Floor
                                New York, New York 10016
                                Tel: (212) 641-0613
                                Fax: (212) 918-0729

RITE AID CORPORATION
Defendant
30 Hunter Lane
Camp Hill, PA 17011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MINERVA SUAREZ,                                                     Index No.:

                Plaintiff,

                                                      **VERIFIED COMPLAINT**

        -against-

RITE AID CORPORATION,

                Defendant.
-----------------------------------------------------------------X

        Plaintiff, MINERVA SUAREZ, (hereinafter "Plaintiff"), by her attorneys, Vandamme Law Firm, P.C., as and for his Verified Complaint against Defendant RITE AID CORPORATION ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of the claims that arise under New York law.

2. Venue is proper because at least one of the parties resides in Bronx County.

3. Plaintiff MINERVA SUAREZ is a resident of Bronx County, New York, and a former employee of the Defendant.

4. Upon information and belief, Defendant RITE AID CORPORATION is a Pennsylvania corporation with its principal place of business at 30 Hunter Lane, Camp Hill, PA 17011.

5. Defendant regularly conducts business in the State and City of New York. Upon information and belief, the plaintiff's employment was subject to the laws of the State of New York and the jurisdiction of the State and Federal Courts located in New York.

## FACTUAL ALLEGATIONS

6. In or about early 2013, plaintiff started working for the defendant, located at 4910 Broadway, New York, NY 10034 as a cashier.

7. In or about September 2013, plaintiff was promoted to a wellness ambassador.

8. In the course of the employment with defendant, plaintiff was responsible for helping patrons and assisting with the administration of flu shots to customers.

9. In early December 2013, during a break, plaintiff had a conversation with a co-worker Sunilvia wherein Sunilvia informed the plaintiff that she was getting married in January 2014 in the Dominican Republic. The plaintiff informed Sunilvia her that she has experience organizing baby showers and bachelorette parties.

10. During the conversation, a female security guard by the name of Shae, an employee of the defendant, interjected herself into the conversation and started asking questions about bachelorette parties.

11. During the conversation, security guard Shae took a box of condoms from the store shelf and said she has had experience with all different condom sizes. In addition, the security guard made inappropriate comments about the plaintiff's sexual orientation and inquired extensively about the plaintiff's sexuality.

12. Plaintiff rebuffed Shae's unsolicited comments.

13. In January 2014, plaintiff was asked to speak with Caitlin, a Rite Aid HR manager. Plaintiff complained to the HR about the comments made by the defendant's security guard.

14. On February 25, 2014, plaintiff was terminated by the defendant.

15. Upon information and belief, Plaintiff was terminated because she complained about the comments made by the defendant's security guard.

16. The termination was made without any prior warning or cause.

### AS FOR A FIRST CAUSE OF ACTION
### VIOLATIONS OF NYSLL AND FLSA

17. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs 1 to 16 as if fully set forth herein.

18. As a result of Defendant's conduct, Plaintiff has suffered economic and monetary damages. As such, Plaintiff seeks back pay, liquidated damages and attorney's fees and costs on the First Cause of Action in an amount to be determined at trial, but in no event less than $200,000.00.

### AS FOR A SECOND CAUSE OF ACTION
### HARASSMENT, HOSTILE WORK ENVIRONMENT,
### WRONGFUL TERMINATION UNDER NYCHRL

19. Plaintiff incorporates and re-alleges by reference the allegations of paragraphs 1 to 18 as if fully set forth herein.

20. Defendant discriminated against Plaintiff by subjecting her to a discriminatory, hostile and intimidating work environment that resulted in an adverse employment action, in violation of the NYC Admin. Code §8-107. Defendant failed to provide a safe working environment.

21. As a result of the Defendant's conduct, Plaintiff has suffered monetary damages, pain and suffering and emotional distress. As such, Plaintiff seeks damages, including attorneys' fees, on the Fourth Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

### AS FOR A THIRD CAUSE OF ACTION
### RETALIATION UNDER NYCHRL

22. Plaintiff incorporates and re-alleges by reference the allegations contained in paragraphs

1-21 as if fully set forth herein.

23. Under the NYCHRL it is unlawful discriminatory practice for an employer to retaliate or discriminate in any manner because of an employee's complaints about unlawful discrimination or a hostile work environment. A *prima facie* case of retaliation under the NYCHRL is demonstrated when a party participated in a protected activity, the defendant knew about her participation, the defendant took an employment action that disadvantaged the plaintiff and there is a causal connection between the protected activity and the negative employment action.

24. In this case, the Plaintiff complained to the Defendant about the hostile and harassing behavior he was subjected to and the Defendant was not only aware of Plaintiff's complaints but was present to witness and participate in the hostile and harassing behavior. Defendant failed to provide a termination notice.

25. Defendant's actions constitute unlawful retaliation for which the Plaintiff has suffered damages.

26. As such, Plaintiff seeks damages on the Third Cause of Action including back pay, front pay, compensatory damages, punitive damages, pain and suffering, and attorney's fee in an amount to be determined at trial, but in no event less than $1,000,000.00.

## AS FOR A FOURTH CAUSE OF ACTION
## VIOLATIONS OF NYS HUMAN RIGHTS LAW

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 of the Complaint as if the fully set forth herein.

28. Defendant intentionally and/or negligently discriminated against the Plaintiff in violation of the NYSHRL by maintaining a pervasive atmosphere perpetuating discrimination and hostile work environment.

29. Defendant discriminated against the Plaintiff because of his medical condition.

30. As a result of the Defendant's violations of the NYSHRL, Plaintiff has lost pay and benefits and suffered substantial emotional distress, and pain and suffering. As such, Plaintiff seeks damages on the Fourth Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

## AS FOR A FIFTH CAUSE OF ACTION
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. The Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 30 as if fully set forth herein.

32. Defendant engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or with reckless disregard of the probability of causing, emotional distress to Plaintiff.

33. As a proximate result of the Defendant's action, Plaintiff suffered severe or extreme emotional distress. As such, Plaintiff seeks damages on the Fifth Cause of Action in an amount to be determined at trial, but in no event less than $1,000,000.00.

*WHEREFORE*, the Plaintiff demands judgment against Defendant in the amount set forth by a jury and for relief requested herein, back pay with prejudgment interest and all the fringe benefits to which she is entitled; pain and suffering, front pay and benefits; actual and punitive damages, and costs incurred because of the Defendant's unlawful behavior; including costs, disbursements, and attorney's fees to the extent permitted by law, and for such and other further relief that this Court deems just, proper and equitable.

Dated: New York, New York
January 26, 2017

Yours, etc.,

VANDAMME LAW FIRM, P.C.
/s/ *Hendrick Vandamme*
Hendrick Vandamme, Esq.
Hollis Vandamme, Esq.

Attorneys for Plaintiff
149 Madison Avenue, 11th Floor
New York, New York 10016
Tel: 212-641-0613/212-851-6916

FILED: NEW YORK COUNTY CLERK 01/26/2017 07:02 PM
NYSCEF DOC. NO. 1

INDEX NO. 150891/2017
RECEIVED NYSCEF: 01/26/2017

## VERIFICATION

Hendrick Vandamme, an attorney for the plaintiff and duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to CPLR 2016:

I have read the complaint and know the contents to be true except to the matters stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The source for this information and the ground for my belief are derived from the file maintained in the normal course of business by the attorneys for the plaintiff.

Since my firm maintains an office in New York County and the plaintiff resides in Bronx County, the complaint was affirmed by me.

Dated: New York, New York
       January 26, 2017

/s/ Hendrick Vandamme
Hendrick Vandamme, Esq.

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MINERVA SUAREZ,

                       Plaintiff,

        -against-

RITE AID CORPORATION,

                       Defendant.

---

**VANDAMME LAW FIRM, P.C.**
Attorneys for Plaintiff
149 Madison Avenue, 11th Floor
New York, New York 10016
(212) 641-0613
(212) 851-6916

---

## SUMMONS AND VERIFIED COMPLAINT

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

*Hendrick Vandamme*
HENDRICK VANDAMME, ESQ.

---

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an order duly entered in the office of the clerk of the within-named Court on

☐ NOTICE OF SETTLEMENT
that an order, of which the within is a true copy, will be presented for settlement to the
HON.                                 one of the judges of the within-named Court, at
on the    day of      , 20  , at    A.M.